

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,512-01

### EX PARTE ROLANDO CASANOVA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16-09-29600-D-1 IN THE 377TH DISTRICT COURT
### FROM VICTORIA COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to three years' imprisonment.

Applicant contends that he was denied adequate notice that he would be considered for release on mandatory supervision by the Texas Board of Pardons and Paroles under the discretionary-mandatory-supervision statute. TEX. GOV'T CODE § 508.149.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim.

App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing the issue of whether Applicant was provided adequate notice that he would be considered for release to mandatory supervision.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was afforded adequate notice that he would be considered for release on mandatory supervision by the Texas Board of Pardons and Paroles under the discretionary-mandatory-supervision statute. *Ex parte Retzlaff*, 135 S.W.3d 45 (Tex. Crim. App. 2004). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 20, 2019
Do not publish